FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION 2008 JUN -6 PM 12: 25

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

RENALD DHAITY,

Petitioner,

vs.                                        Case No.   2:07-cv-610-FtM-34DNF

MICHAEL B. MUKASEY, Attorney General
of the United States, MICHAEL
CHERTOFF, Secretary, U.S. Department
of Homeland Security, MICHAEL ROZOS,
Field Office Director for Detention
and Removal, Miami District Office,
U.S. Immigration and Customs
Enforcement, STUART K. WHIDDON,
Glades County Sheriff, DEPARTMENT OF
HOMELAND SECURITY,

Respondents.
_____/

### ORDER OF DISMISSAL[1]

Petitioner, Renald Dhaity (alien no. 078351196) a citizen of Haiti, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) on September 19, 2007. Petition at 3. Pursuant to this Court's Order to Amend,[2]

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] On December 4, 2007, the Court ordered Petitioner to file an Amended Petition because the Petition appeared to be missing pages, specifically the signature page. See Order to Amend at 1. Additionally, upon review of the Petition, the Court was unable to conclude that Petitioner set forth a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeably future." Id. at 2.

Petitioner filed an Amended Petition on December 21, 2007. <u>See</u> (Docs. #6, #7, respectively Amended Petition A, Amended Petition B).[3] Petitioner was ordered removed by the United States no later than May 22, 2007,[4] and entered into immigration custody on March 7, 2007. Amended Petition B at 1. Petitioner avers that he appealed the order of removal.[5] <u>Id.</u> at 4. In the instant action, Petitioner contends that his current detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(6), since he is unlikely to be deported in the reasonably foreseeable future. <u>Id.</u> at 7. Further, Petitioner argues that his continued detention violates the Due Process Clause. <u>Id.</u> at 7. Accordingly, Petitioner seeks, *inter alia*, immediate release from confinement. <u>Id.</u> at 8.

---

[3]Petitioner filed two Amended Petitions on December 21, 2007. The first Petition, for the most part, is blank and is written on a different standard form than the first Petition. <u>See</u> Amended Petition A. The second Petition is similar to the Petition in that it is written on the same standard form, but is also more complete than the Petition as it includes the signature page. <u>See</u> Amended Petition B.

[4]Amended Petition B alleges two different dates that Petitioner was ordered removed: May 22, 2007, and November 29, 2001. <u>See</u> Amended Petition B at 1, 4. For purposes of review, however, the date variation is immaterial.

[5]The record is unclear as to what date Petitioner's appeal of the removal order was denied. Petitioner maintains that his appeal of the removal order was denied on May 22, 2002. <u>See</u> Amended Petition B at 4. This date, however, is inconsistent with the date Petitioner alleges he was ordered removed. Nonetheless, the variation is immaterial as the Petition is now moot.

In response to the Petition, Respondents filed a Motion to Dismiss for Mootness (Doc. #9, Motion) and an exhibit (Doc. #9-2, Exh. A). Respondents assert that the Petition is moot because Petitioner was removed to Haiti on February 5, 2008. Motion at 1. Respondents submit the "DAC[S][6] Custody Summary Inquiry" form as evidence of Petitioner's deportation. Id. at 1; Exh. A at 1. Although given ample opportunity to do so, Petitioner has not responded to the Motion. See generally docket history.

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. Id. at 1328. When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330,

---

[6]DACS, or Deportable Alien Control System, provides information on the status and disposition of deportation cases. www.immigration.com/glossary_acronyms.html.

-3-

1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". See De La Teja v. United States, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). However, the circumstances before the Court do not fall within that exception. Two conditions must be met for the exception to apply: (1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and (2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again**." Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

Here, Petitioner's removal would render the claims presently raised in the Petition moot. As it is undisputed that Petitioner has been now been removed to his native county, Haiti, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future. Thus, the narrow exception to the mootness doctrine is not applicable, and the Court finds that the Petition is due to be dismissed as it has been rendered moot by Petitioner's removal.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Respondents' Motion to Dismiss for Mootness (Doc. #9) is **GRANTED** and the Petition is **DISMISSED as moot**.

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate any pending motions; and (3) close this file

**DONE AND ORDERED** in Fort Myers, Florida, on this 6th day of June, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record